UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ST. MATTHEWS BAPTIST CHURCH OF
LIVERMORE, INC.,

         Plaintiff,

    v.

FOUNDATION CAPITAL RESOURCES,
INC.,

         Defendant.

Case No.  13-cv-05765-MEJ

**ORDER RE: MOTION TO DISMISS
AND MOTION TO EXPUNGE LIS
PENDENS**

Re: Dkt. Nos. 25, 26

## INTRODUCTION

Pending before the Court is Defendant Foundation Capital Resources, Inc.'s ("Foundation") Motion to Dismiss the First Cause of Action for Breach of Contract in Plaintiff St. Matthews Baptist Church of Livermore's ("St. Matthews") Consolidated First Amended Complaint ("FAC") (Dkt. No.25, "Mot.") and Motion to Expunge Lis Pendens (Dkt. No. 26, "Exp. Mot.").  Having considered the parties' arguments, relevant legal authority, and the record in this case, the Court GRANTS Foundation's Motion to Dismiss and Motion to Expunge Lis Pendens for the reasons set forth below.

## BACKGROUND

**A.**     **Introduction**

This action arises out of an unlawful detainer action filed in the Alameda Superior Court on September 27, 2011 (the "UD action") against St. Matthews.  Mot. at 2. The UD action involves 1237-1239 North Livermore Avenue in Livermore, California (the "Subject Property"). *Id.*  Foundation was the plaintiff in the UD action.  *Id.*  Judgment in the UD Action was entered in favor of Foundation and against St. Matthews and its co-defendant, Allen Turner on October 31, 2013.

**B.**     **The State Court Action**

Foundation is the owner of Subject Property, having purchased it at a non-judicial foreclosure sale in August of 2011 in accordance with California Civil Code section 2924, under a

power of sale contained in a deed of trust executed by St. Matthews.  Exp. Mot. at 3.  After the sale, St. Matthews continued to occupy the Subject Property.  *Id.*  Foundation filed an unlawful detainer complaint on September 27, 2011, and trial was set for November 3, 2011.  *Id.*  St. Matthews did not appear at the trial.  *Id.*  On November 7, 2011, the court entered judgment in favor of Foundation and issued a writ of possession.  *Id.*  Foundation's counsel mailed a Notice of Entry of Judgment to St. Matthews on November 10, 2011.  *Id.*  The eviction was to take place on January 17, 2012.  *Id.*

On January 23, 2012, St. Matthews filed a motion to set aside the judgment entered on November 7, 2011, on the grounds that it had not received notice of the trial date in the UD action. *Id.*  The motion was granted on January 26, 2012, and St. Matthews filed a verified answer on or about January 31, 2012.  *Id.*  Thereafter, the parties agreed to mediate the matter with attorney David B. Stromberg acting as mediator.  *Id.*

The mediation was held on February 14, 2014 before Mr. Stromberg.  *Id.*  As a result of the mediation, the parties entered into a written Settlement Agreement (the "Settlement Agreement") which included the following terms:

   1.  St. Matthews and GLOM were to stipulate to entry of a judgment in the UD Action and to the issuance of a writ of possession of the Subject Property with the judgment not to be entered so long as said defendants timely performed under the Settlement Agreement;

   2.  The Settlement Agreement further required St. Matthews to make monthly lease payments for the subject property to Foundation in the amount of $22,500.00, beginning March 1, 2012;

   3.  St. Matthews received an option to purchase the Subject Property at a price of $4,315,000.00, which it was to exercise by February 28, 2013:

   4.  Any disputes regarding the Settlement Agreement, other than those specifically excluded, were to be ruled on by Mr. Stromberg acting as Arbitrator.

FAC, Ex. 2., Dkt. No. 13-1.

The parties executed a stipulation to the judgment and writ of possession (the "Stipulation") in or about June of 2012.  Exp. Mot. at 4.  The Stipulation required Foundation to

seek an order from the arbitrator to the effect that a material breach of the Settlement Agreement had occurred before Foundation could submit the Stipulation to the Court for entry of judgment and issuance of a writ of possession.  *Id.*

St. Matthews failed to make its monthly lease payment on December 1, 2012.  When by December 6, 2012, the December 2012 lease payment had not been received by Foundation, counsel for Foundation wrote to Mr. Stromberg requesting a hearing to determine whether St. Matthews was in material breach of the Settlement Agreement.  *Id.*  That arbitration hearing was held on January 11, 2013.  *Id.*

As of January 11, 2013, St. Matthews was delinquent on both the December 2012 lease payment and the January 2013 lease payment.  *Id.*  The parties modified the Settlement Agreement at the January 11, 2013 arbitration hearing (the "Modified Settlement Agreement")  to provide that St. Matthews was to make a single payment of $45,000.00, via wire transfer, to be delivered no later than 5:00 (PST) on Tuesday, January 15, 2013.  *Id.*  This payment represented the previously unpaid lease payments for December 2012 and January 2013.  *Id.*  The Modified Settlement Agreement further provided that:

> In the event, St. Matthew's fails to make the payment described in Paragraph 2 above, or any monthly payment described in Paragraph 3, above, Foundation shall be entitled to submit the Stipulation for Judgment addressed in the Prior Agreement via ex parte application, obtain a judgment and writ of possession thereon, and enforce said writ of possession without having to obtain any order or other authorization from the Arbitrator.

Exp. Mot. at 4-5.

St. Matthews failed to make the $45,000 payment called for in the Modified Settlement Agreement by January 15, 2013.  *Id.* at 5.  On January 30, 2013, a hearing was held before the Hon. Stephen Kaus in Department 512 of the Alameda County Superior Court on Foundation's ex parte application for entry of judgment.  *Id.*  After the hearing on that application, Judge Kaus denied the application contingent on $75,000 being received at the offices of counsel for Foundation in Citrus Heights, California by noon on January 31, 2012, with the $75,000 being credited toward St. Matthews' obligations under the Modified Settlement Agreement.  *Id.*

When by February 2, 2013, the $75,000 payment was not received pursuant to Judge Kaus'

January 30, 2013 order, Foundation filed another ex parte application for entry of judgment. *Id.* At the February 6, 2013 hearing on that application, Judge Kaus entered judgment and issued a writ of possession on the condition that Foundation not execute on the writ of possession unless St. Matthews failed to make the $75,000.00 payment by noon on February 7, 2013. *Id.* St. Matthews timely paid the $75,000.00 and Foundation took no further steps toward evicting St. Matthews. *Id.*

In addition to the payment conditions, the Modified Settlement Agreement also (1) extended the lease of the Subject Property through June 30, 2013; (2) increased the amount of the lease payments to $29,500.00 per month beginning on February 1, 2013; and (3) extended the time for St. Matthews to obtain "refinancing" for the Subject Property no later than June 30, 2013.[1]  *Id.* at 5-6. When St. Matthews failed to obtain the requisite financing to purchase the property by June 30, 2013, Foundation asserts that it obtained another writ of possession based on the February 6, 2013, judgment and sent instructions to the Alameda County Sheriff's Office to evict St. Matthews pursuant to the new writ. *Id.* at 6.

The eviction was scheduled for the week of August 12, 2013. *Id.* On August 7, 2013, St. Matthews obtained a 30-day stay of the eviction based, in part, on their argument that St. Matthews still had an option to purchase the Subject Property from Foundation and that it needed additional time to close on a loan which would allow it to exercise that option. *Id.*

On September 13, 2013, an arbitration hearing with Mr. Stromberg was held to determine whether the option had expired on June 30, 2012. *Id.* On September 24, 2013, Mr. Stromberg ruled, *inter alia*, that:

> 1. The Modified Settlement Agreement established an option to purchase in favor of St. Matthew's, which option was to be exercised upon the latter's securing an unconditional loan commitment to purchase the subject property by June 30, 2013;
>
> 2. Time was of the essence in connection with St. Matthew's performance of its obligations as set forth in the Modified

---

[1] Foundation asserts that although the Modified Settlement Agreement refers to St. Matthews obtaining "refinancing," St. Matthews was to obtain new financing to purchase the Subject Property from Foundation at a price set forth in the Settlement Agreement. Exp. Mot. at 6, fn 1.

4

Settlement Agreement;

   3.   St. Matthews breached the terms of the Modified Settlement Agreement when it failed to make a payment of $29,500.00 to Foundation on or before June 15.2013; and

   4.   St. Matthew's breach excused any further cooperation or performance by Foundation pursuant to the Modified Settlement Agreement.

*Id*. at 6-7.

Mr. Stromberg also found that Foundation did not breach the Settlement Agreement. *Id*. at 7. On October 11, 2013, Foundation filed a Petition to Confirm the Arbitrator's Award (the "Petition"). No opposition to the Petition was filed or raised at oral argument. *Id.* On October 30, 2012, Judge Kaus granted the Petition. *Id.* On October 31, 2013, the state court entered judgment in the UD action in favor of Foundation (the "state court judgment"). *Id.* at 7.

On November 5, 2013, Foundation regained possession of the Subject Property. Foundation has received an offer to purchase the Subject Property, but the transaction cannot proceed until the lis pendens recorded against the property is expunged. Decl. Jim Duncan in Supp't of Mot. to Expunge, ¶ 13, Dkt. No. 28.

## C.   Procedural Background

On December 6, 2014, St. Matthews filed a complaint in the Alameda County Superior Court alleging a cause of action against Foundation for breach of contract, for which is sought specific performance. Not. of Removal, Dkt. No. 1. On the same date, St. Matthews recorded a Notice of Pendency of Action (the "Lis Pendens") regarding the Subject Property at the Alameda County Recorder's office. Exp. Mot. at 7.

On December 12, 2013, Defendants removed the action to this Court based on diversity jurisdiction. Dkt. No. 1. On February 27, 2014, Plaintiffs filed the FAC, alleging the following causes of action: (1) breach of contract, seeking specific performance; (2) money had and received; (3) abuse of process; and (4) wrongful eviction. Dkt. No. 13.

On February 26, 2014, St. Matthews filed a Notice of Appeal of the state court judgment. Mot. at 5. The Alameda County Superior Court dismissed the appeal as untimely on April 23, 2014. *Id.* St. Matthews then filed a motion in the Alameda County Superior Court to set aside the

United States District Court
Northern District of California

judgment of October 31, 2013 as void, pursuant to California Code of Civil Procedure section 473(d). *Id.* On July 8, 2014, the state court issued a tentative ruling denying the motion. Mot. Reply at 2, Dkt. No. 36. As St. Matthews did not contest the ruling, it was adopted by the state court. *Id.* On August 5, 2014, St. Matthews appealed the denial of the Motion to Set Aside the Judgment to the Appellate Division of the Alameda Superior Court. Stmt. to Court at 2, Dkt. No. 41. St. Matthews suggests that a stay of this action pending appeal may be appropriate. *Id.*

On June 19, 2014, Foundation filed a Motion to Dismiss the First Cause of Action for Breach of Contract. Dkt. No. 25. In the Motion, Foundation argues that the breach of contract claim is barred by collateral estoppel. Mot. at 6. St. Matthews filed an Opposition to the Motion to Dismiss on July 3, 2014[2] (Dkt. No. 33), and Foundation filed a Reply on July 10, 2014 (Dkt. No. 36).

On June 20, 2014, Foundation filed a Motion to Expunge Lis Pendens against the Subject Property.[3] Dkt. No. 27. Foundation contends that St. Matthews cannot establish the probable

---

[2] In conjunction with the Opposition to the Motion to Dismiss and Opposition to the Motion to Expunge the Lis Pendens, St. Matthews filed a Request for Judicial Notice seeking judicial notice of of: (a) St. Matthews' Notice of Motion and Motion to Set Aside Void Judgment in the UD action (Ex. A); and (b) Notice of Continued Hearing, showing a hearing date of July 10, 2014 (Ex. B). Pl. Req. Jud. Not. In Supp't of Mot. to Dismiss ("Pl. Dism. RJN"), at 2, Dkt. No. 33; Pl. Req. Jud. Not. In Supp't of Mot. to Expunge ("Pl. Exp. RJN"), Dkt. No. 35. The Court GRANTS the request. *See* Fed. R. Evid. 201; *see also Hunt v. Check Recovery Sys. Inc.*, 478 F. Supp. 2d 1157, 1160 (N.D. Cal. 2007) ("Judicial notice may be taken of 'adjudicative facts' such as court records, pleadings.").

[3] Foundation also filed filed a Request for Judicial Notice in conjunction with the Motion to Expunge the Lis Pendens. Fdn. Req. Jud. Not. ("Fdn. RJN"), Dkt. No. 27. Foundation requests that the Court take notice of portions of the record in the unlawful detainer case in the Alameda County Superior Court, Action No. Case No. HG 11597327 (the "UD Action"), as follows: (1) the Award of Arbitrator and Order by David M. Stromberg dated September 24, 2013 (the "Arbitration Award") (Ex. A); (2) Foundation's Petition to Confirm the Contractual Arbitration Award, and documents in support thereof, filed on or about October 11, 2013 (Ex. B); (3) the Alameda County Superior Court's Order Confirming Arbitration Award dated October 30, 2013 (Ex. C); (4) the Judgment entered in the UD Action on October 31, 2013 (Ex. D); (5) the Register of Action in the UD Action reflecting that no opposition to Foundation's Petition to Confirm the Contractual Arbitration Award was filed by any defendant in the UD action (Ex. E); (6) the Notice of Appeal filed by St. Matthews and Dr. Turner on or about February 23, 2014 (Ex. F); (7) a Notice from the Alameda County Superior Court dated April 23, 2014, dismissing the appeal of St. Matthews and Dr. Turner as untimely (Ex. G); (8) the Declaration of Allen Turner In Support of Ex Parte Application For Stay, dated August 6, 2013 (Ex. H); and (9) the Notice of Pendency of Action recorded on December 6, 2013, as Document Number 2013378205 of the Official Records of Alameda County, California (the "Lis Pendens") (Ex. I). Fdn. RJN, at 2-3. The Court has reviewed the documents and GRANTS the request. *See* Fed. R. Evid. 201; *see also Hunt*, 478 F.

validity of its claim based on the collateral estoppel effect of the state court judgment, and the

binding effect of the arbitration award.  Exp. Mot. at 9.  Foundation also argues that several

technical defects in require expungement.  *Id*. at 14.  St. Matthews filed an Opposition to the

Motion to Expunge the Lis Pendens on July 7, 2014 (Dkt. No. 34) and Foundation filed a Reply on

July 14, 2014 (Dkt. No. 37).

**MOTION TO DISMISS**

**A.     Legal Standard**

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may file a motion to

dismiss based on the failure to state a claim upon which relief may be granted.  A Rule 12(b)(6)

motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A

facial plausibility standard is not a "probability requirement" but mandates "more than a sheer

possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(internal quotations and citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the

court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the

light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519

F.3d 1025, 1031 (9th Cir. 2008).  "[D]ismissal may be based on either a lack of a cognizable legal

theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v.

Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations

omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a

court to dismiss a claim on the basis of a dispositive issue of law.").

Even under the liberal pleading standard of Rule 8(a)(2), under which a party is only

required to make "a short and plain statement of the claim showing that the pleader is entitled to

relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of

---

Supp. 2d at 1160 (N.D. Cal. 2007) ("Judicial notice may be taken of 'adjudicative facts' such as
court records, pleadings."); *W. Fed. Sav. & Loan Ass'n*, 797 F. Supp. at 792 (N.D. Cal. 1992)
(taking judicial notice of documents in a county public record, including state court file and deeds
of trust).

a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively").  The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

**B.     Discussion**

Foundation argues that St. Matthews is collaterally estopped from asserting a claim based on an alleged breach of the Purchase Option contained in the Modified Settlement Agreement because that issue has been fully and finally adjudicated in the Alameda County Superior Court. Mot. at 6-7.  In response, St. Matthews argues that collateral estoppel does not apply because the final judgment upon which Foundation relies is void due to procedural errors regarding notice. Opp'n at 2.

A confirmed arbitration award has the same force and effect as a state court judgment. Cal. Civ. Proc. Code § 1287.4.  Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Takahashi v. Bd. of Tr. of Livingston Union School Dist.*, 783 F.2d 848, 850 (9th Cir. 1986) (citing *Migra v. Warren City School  Dist. Bd. of Ed.*, 465 U.S. 75, 81 (1984); *see also Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007).  Federal courts follow state law on the issue of res judicata and

United States District Court
Northern District of California

collateral estoppel. *Marrese v. Am. Acad. of Orthopedic Surgeons*, 470 U.S. 373, 380 (1986).

In California, the doctrine of res judicata precludes parties from relitigating a cause of action finally resolved in a prior action. *Smith v. ExxonMobil Oil Corp.*, 153 Cal. App. 4th 1407, 1413-14 (2007). Res judicata also includes a broader principle, commonly termed collateral estoppel, under which an issue necessarily decided in the prior litigation may be conclusively determined as against the parties thereto in a subsequent lawsuit on a different cause of action. *Id.* Collateral estoppel "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). Collateral estoppel applies when (1) the party against whom the plea is raised was a party or was in privity with a party to the prior adjudication, (2) there was a final judgment on the merits in the prior action, and (3) the issue necessarily decided in the prior adjudication is identical to the one that is sought to be relitigated. *Coscia v. McKenna & Cuneo*, 25 Cal. 4th 1194, 1201 (2001).

Here, there is no dispute that the first and third factors are met. St. Matthews was the defendant in the UD action on which the state court judgment rests, and the issues raised in the current cause of action for breach of contract are identical to those that were raised in the UD case. The cause of action for breach of contract is based on the same issues decided by the arbitrator in September 2013. For instance, in the FAC, St. Matthews alleges that Foundation remains obligated to sell the Subject Property to St. Matthews pursuant to a purchase option contained in the Modified Settlement Agreement, notwithstanding the findings in the Arbitrator's Award that (1) St. Matthews failed to exercise the purchase option by securing an unconditional loan commitment to purchase the Subject Property by June 30, 2013; (2) St. Matthews by its own actions breached the terms of the settlement documents by failing to make the July 1 rental payment of $29,500.00 to Foundation on or before June 15, 2013; and (3) St. Matthew's breach excused any further cooperation or performance by Foundation pursuant to the settlement documents. *See* FAC at ¶¶ 4.1, 5; Fdn. RJN, Ex. A ("Arbitrator's Award") at 4:7-17.

As to the second factor, the parties dispute whether this judgment has any preclusive effect. St. Matthews argues that collateral estoppel does not bar the contract claim because the state court

1   judgment is void and therefore not final.  Opp'n to Mot. at 2.  Foundation argues that the judgment

2   is final because the time for appeal has expired.  Mot. at 8.  The Court agrees with Foundation.

3         A judgment is void if the rendering court lacks jurisdiction in the fundamental sense (i.e.

4   the court lacks "authority over the subject matter or the parties").  *Avery v. Cnty. of Santa Clara*,

5   2012 WL 5522554, at *8 (N.D. Cal. Nov. 13, 2012) (citing *People v. Am. Contractors Indem. Co.*,

6   33 Cal. 4th 653, 660 (2004)).  However, "[w]hen a court has fundamental jurisdiction, but acts in

7   excess of its jurisdiction, its act or judgment" is not void but "merely voidable."  *Id.* (citing *Am.*

8   *Contractors Indem. Co.*, 33 Cal. 4th at 661); *see also In re Marriage of Stephen P.*, 213 Cal. App.

9   4th 983, 992 (2013).  The distinction between void and voidable judgments is significant because

10  a voidable "judgment is valid until it is set aside, and a party may be precluded from setting it

11  aside by 'principles of estoppel, disfavor of collateral attack [,] or res judicata."  *Id.* (citing *Am.*

12  *Contractors Indem. Co.*, 33 Cal. 4th at 661 (citations omitted); *Pajaro Valley Water Mgmt. Agency*

13  *v. McGrath*, 128 Cal. App. 4th 1093, 1101 (2005) ("In contrast to cases involving other types of

14  jurisdictional defects, a party may be precluded from challenging an action in excess of a court's

15  jurisdiction when the circumstances warrant applying principles of estoppel, disfavor of collateral

16  attack[,] or res judicata.") (quoting *Conservatorship of O'Connor*, 48 Cal. App. 4th 1076, 1088

17  (1996)).

18        St. Matthews argues that the judgment was void because it did not receive ten days' notice

19  of the October 16, 2013 hearing on the motion to confirm the Arbitrator's Award as required by

20  California Code of Civil Procedure section 1290.2.[4]  Opp'n to Mot. at 3.  St. Matthews further

21  contends that although the court continued the hearing for another fourteen days, it did not receive

22  notice of the continuance because it declined to appear at the October 16 hearing, and thus the

23  subsequent fourteen-day continuation was insufficient to cure the original defect in the notice.  *Id.*

24  at 2-3.  In ruling on St. Matthews' motion to vacate the judgment, Judge Kaus found that St.

25  Matthews had been given oral notice of the October 16 hearing on October 2, 2013.  Mot. Reply at

26

27  _____
    [4] Section 1290.2 provides: "a petition under this title shall be heard in a summary way in the
    manner and upon the notice provided by law for the making and hearing of motions, except that
28  not less than 10 days' notice of the date set for the hearing on the petition shall be given."

2.  Judge Kaus also found that St. Matthews had received oral notice of the continuance of the October 16 hearing.  *Id*.  St. Matthews did not contest Judge Kaus' tentative ruling.  *Id*. at 3. Accordingly, the notice defects of which St. Matthews complains would render the judgment voidable, not void.[5]

Here, the arbitration award was confirmed on October 30, 2013, and judgment was entered on October 31, 2013.  The time for appeal has expired.  Under these facts, the judgment is voidable, and thus remains valid unless or until it is set aside.  Moreover, the pendency of the appeal to vacate the Arbitration Award concerns only the notice issue, and raises no substantive challenges to the Award itself, which remains binding on the parties.  Thus, a decision to vacate confirmation of the award would not affect the substance of the Arbitration Award, and would at most require a renewed petition to confirm the Award, which would be summarily granted.[6]  *See Thibodeau v. Crum* 4 Cal.App.4th 749, 761 (1992).  Accordingly, the judgment is final and precludes St. Matthews from re-litigating the breach of contract claim.  The Motion to Dismiss is GRANTED.

## MOTION TO EXPUNGE LIS PENDENS

**A.      Legal Standard**

Federal courts look to state law when deciding matters involving lis pendens.  *See* 28

---

[5] St. Matthews urges the Court to analogize to the mandatory notice requirements for summary judgment motions.  Opp'n to Mot. at 3 (citing *Frazee v. Seeley*, 95 Cal. App.4th 627, 636-37 (2002).  In *Frazee*, the court held that a notice of joinder in the codefendants' motion for summary judgment was procedurally defective, for among other reasons, because the notice was filed on shortened notice.  Although the notice issue in *Frazee* was only tangential to the court's holding, the Court recognizes that it stands for the general principle that "when a statute authorizes [a] prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction."  *See Am. Contractors Indem. Co*., 33 Cal. 4th at 661.  However, the situation in *Frazee* is distinguishable because here, the state court did not exceed its jurisdiction.  Sufficient oral notice was given of the October 16 hearing, but St. Matthews declined to attend or file any papers in opposition.  Mot. Reply at 2.  Even if this notice were insufficient, the court continued the original hearing to provide more than the required ten days' notice.

[6] A petition to vacate or correct an award must be served and filed not later than 100 days after the date of the service of a signed copy of the arbitration award on the petitioner.  Cal. Code Civ. Proc. § 1288.  The time limit in section 1288 is jurisdictional.  *Abers*, 217 Cal. App. 4th at 1210– 12 (section 1288 is jurisdictional).  Here, the time for vacating or correcting the Arbitration Award has long since passed.  *See Eternity Investments, Inc.*, 151 Cal. App. 4th at 746 (the court has no alternative but to confirm award if request to vacate is filed after 100-day limit).

United States District Court
Northern District of California

U.S.C. § 1964.  Under California Code of Civil Procedure section 405.20, "[a] party to an action who asserts a real property claim may record a notice of pendency of action, [a lis pendens], in which that real property claim is alleged."  The effect of a lis pendens "is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment."  *BGJ Assocs., LLC v. Superior Court*, 75 Cal. App. 4th 952, 966, (1999).  "Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged."  *Id*. at 967.

A court shall order that the notice be expunged if (1) "the court finds that the pleading on which the notice is based does not contain a real property claim"; or (2) "the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim."  Cal. Code Civ. Proc. §§ 405.31, 405.32.  "Probable validity" of a claim means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim.  *Orange County v. Hongkong and Shanghai Banking Corp. Ltd.*, 52 F.3d 821, 824 (9th Cir 1995) (citing Cal. Code Civ. Proc. § 405.3).  The claimant has the burden of proof to establish probable validity.  Cal. Code Civ. Proc. § 405.32.

## B.    Discussion

Foundation argues that St. Matthews cannot establish the probable validity of its claim because: (1) collateral estoppel bars St. Matthews from raising its breach of contract claim; (2) even without the preclusive effect of the state court judgment, St. Matthews cannot establish that it would prevail on its breach of contract claim; (3) the wrongful eviction cause of action does not justify maintaining the lis pendens; and (4) St. Matthews did not serve or file the notice of lis pendens as required by California Code of Civil Procedure §§ 405.22 and 405.23.  Exp. Mot. at 9, 11, 14.

It is St. Matthews' position that the state court judgment is void, and thus the Arbitrator's Award has no preclusive effect on its claims.  Exp. Opp'n at 2.  St. Matthews contends that it has a high probability of prevailing on its breach of contract claim because the arbitrator wrongly interpreted the option clause of the Modified Settlement Agreement against it.  *Id*. at 6.  St. Matthews also contends it can support the lis pendens based on its wrongful eviction claim.  *Id*. at

United States District Court
Northern District of California

5-6.  Last, St. Matthews argues that a "hypertechnical" violation of the notice requirements in section 405.23 does not justify expungement.  *Id*. at 7.

      As discussed below, the Court finds that the lis pendens should be expunged.

      1.    <u>St. Matthews Cannot Establish It is More Likely Than Not It Will Obtain Judgment</u>

      Foundation first argues that St. Matthews cannot establish that it is more likely than not that it will obtain a judgment on the breach of contract claim due to the collateral estoppel effect of the state court judgment.  Exp. Mot. at 9.  In response, St. Matthews argues that the judgment is void.  Exp. Opp'n at 2-3.

      As discussed above, the Court agrees that the state court judgment is final, and thus St. Matthews is collaterally estopped from relitigating the same issues regarding interpretation of the Modified Settlement Agreement in this action.  Further, St. Matthews has not sufficiently carried its burden of establishing that it is more likely than not that it would obtain judgment if the arbitration award were unconfirmed.  Rather than discuss the effect of the unconfirmed award on this action, St. Matthews attacks the merits of the award, arguing that the arbitrator wrongly interpreted the Agreement.  Exp. Opp'n at 6.  However, even if the state court judgment were to be vacated for lack of notice, the underlying Arbitration Award would remain a binding contract between the parties.  *See Walter v. Nat'l Indemn. Co.*, 3 Cal. App. 3d 630, 634 (1970) (citing Cal. Civ. Proc. Code  § 1287.6).  Consequently, St. Matthews would be bound by the terms of the Arbitration Award regardless of whether it was confirmed.  *See Thibodeau v. Crum* 4 Cal. App. 4th 749, 758–59 (1992).  This is especially true here, as St. Matthews can no longer vacate the underlying Arbitration Award on which the judgment rests.  Under California law, a petition to vacate or correct an award must be served and filed not later than 100 days after the date of the service of a signed copy of the arbitration award on the petitioner.  Cal. Civ. Proc. Code § 1288.  In this case, the time for vacating or correcting the Arbitration Award has long since passed.  *Id.*; *see also Eternity Investments, Inc. v. Brown*, 151 Cal. App. 4th 739, 746 (2007) (the court has no alternative but to confirm award if request to vacate is filed after 100-day limit); *Abers v. Rohrs*, 217 Cal. App. 4th 1199, 1210-12 (2013) (section 1288 is jurisdictional).  Consequently, even if the Appellate Division of the Superior Court finds that a new petition to confirm the arbitration award

1   is required prior to entry of judgment, the time for St. Matthews to vacate or correct the

2   Arbitration Award itself has expired. *Abers*, 217 Cal. App. 4th at 1210-12. The state court would

3   thus be required, on renewed petition, to confirm the award.

4         Even if the Appellate Division of the Superior Court vacated the judgment and found that

5   the time to correct the award were somehow tolled, St. Matthews still could not challenge the

6   merits of the award based on claims that the arbitrator wrongly decided the issue on the facts or

7   the law. *See* Exp. Opp'n at 5-6. Code of Civil Procedure section 1286.2 sets forth a list of

8   circumstances under which courts may vacate an arbitrator's award, including:

9              where '[t]he rights of the parties were substantially prejudiced by
           misconduct of a neutral arbitrator,' (Code Civ. Proc., § 1286.2, subd.
10             (a)(3)) and where, '[t]he arbitrators exceeded their powers and the
           award cannot be corrected without affecting the merits of the
11             decision upon the controversy submitted.' (Code Civ. Proc., §
           1286.2, subd. (a)(4).) 'Unless one of the enumerated grounds exists,
12             a court may not vacate an award even if it contains a legal or factual
           error on its face which results in substantial injustice.' ... An
13             arbitrator does not exceed his or her powers by making a legal or
           factual error or by giving erroneous reasons for an award.
14

15  *Harris v. Sandro,* 96 Cal. App. 4th 1310, 1313 (2002) (some citations omitted; *accord, Hoso*

16  *Foods, Inc. v. Columbus Club, Inc*., 190 Cal. App. 4th 881, 887–888 (2010)). St. Matthews argues

17  only that arbitrator wrongly interpreted an ambiguous contract term against them in making the

18  award. Exp. Opp'n at 5-6. Thus, regardless of the outcome of St. Matthews' appeal, the

19  arbitrator's award will still remain intact.

20        2.    <u>The Wrongful Eviction Claim Will Not Support the Lis Pendens</u>

21        The Court also agrees with Foundation that absent the breach of contract claim, the

22  wrongful eviction claim cannot support maintenance of the lis pendens because St. Matthews

23  cannot establish that this cause of action would affect title to, or the right to possession of, specific

24  real property. The remedy for a wrongful eviction claim is money damages. A lis pendens may

25  properly be recorded only by a party who asserts a "real property claim." Cal. Civ. Proc. Code §

26  405.20. An action for money damages alone will not support a lis pendens. *Urez Corp. v.*

27  *Superior Court*, 190 Cal. App. 3d 1141, 1145 (1987) (citing *Allied E. Fin. v. Goheen Enter.*, 265

28  Cal. App. 2d 131, 133-34 (1968)).

14

United States District Court<br>Northern District of California

### 3.   Failure to Comply with Section 405.23

Foundation also contends that the lis pendens should be expunged because the technical statutory requirements for service were not met.  Exp. Mot. at 14.  Specifically, section 405.23 requires that proof of service be appended to the lis pendens and proof of service be recorded with the county recorder.  Cal. Civ. Proc. Code § 405.23.  St. Matthews contends that the notice of pendency of action as recorded lacks the required proof of service.  In its Opposition, St. Matthews argues that the proof of service of the lis pendens was not filed in the state court because Foundation removed the action to the district court too quickly.   Exp. Opp'n at 7.  St. Matthews also concedes that they failed to serve notice by certified mail, but argues this is immaterial because Foundation received the notice.  *Id.*

Section 405.23 provides that "a lis pendens is void and invalid as to any adverse party or owner of record unless the service and filing requirements of California Code Civ. Proc. § 405.22 are met."  Section 405.22 , provides, in pertinent part:

> [T]he claimant shall, prior to recordation of the notice, cause a copy of the notice to be mailed, by registered or certified mail, return receipt requested, to all known addresses of the parties to whom the real property claim is adverse and to all owners of record of the real property affected by the real property claim as shown by the latest county assessment roll. . . .  Immediately following recordation, a copy of the notice shall also be filed with the court in which the action is pending. Service shall also be made immediately and in the same manner upon each adverse party later joined in the action.

Cal. Civ. Proc. Code § 405.22.  The purpose of the expungement statute is to prevent the unwarranted clouding of a party's title with an inappropriate or void lis pendens. *McKnight v. Sup. Ct. of Los Angeles*, 170 Cal. App. 3d 291, 303 (1985)).  The lis pendens is therefore void if there was a defect in service or filing.  *Hutson v. Am. Home Mortg. Serv., Inc.,* 2009 WL 3353312, at *16 (N.D. Cal. Oct. 16, 2009) (citing Cal. Code Civ. Proc §§ 405.22-.23).  Here, the Court finds that the violations of the notice and service procedure also require that the lis pendens be expunged.  St. Matthews failed, prior to recordation of the notice, to serve a copy to Foundation by registered or certified mail, and also failed to file a copy of the notice in the Alameda County Superior Court.  The Court is cognizant that the case was removed to the district court on December 12, 2014.  However, the statute requires that the notice be filed "immediately following

recordation," which occurred on December 6, 2014.  Accordingly, removal should not have prevented the immediate recordation of the notice.

        4.        <u>Effect of the Pending Appeal</u>

      Last, St. Matthews argues that the lis pendens should not be expunged because it has appealed the denial of its motion to vacate the judgment.  Exp. Opp'n at 3.  St. Matthews contends that the lis pendens should thus remain in place until the appeal is resolved.  *Id.*  However, California law provides that "on a motion to expunge a lis pendens after judgment against the claimant and while an appeal is pending, the trial court must grant the motion unless it finds it more likely than not that the appellate court will reverse the judgment."  *Morgan v. Aurora Loan Serv., LLC*, 2014 WL 772763, at *1 (C. D. Cal. Feb. 20, 2014) (citing *Amalgamated Bank v. Superior Court*, 149 Cal. App. 4th 1003, 1015 (2007); *see also Masson v. Selene Fin. LP*, 2013 WL 4427116, at *2 (N.D. Cal. Aug.15, 2013) (citing *Amalgamated Bank*, 149 Cal. App. 4th at 1007-08).  "[I]t would completely circumvent the Legislature's intent in enacting section 405.32, [if] merely filing an appeal, no matter how meritless, would automatically keep the lis pendens in place" *Mix v. Superior Court*, 124 Cal. App. 4th 987, 997 n. 8.  Because the Court finds that it is not more likely than not that St. Matthews will prevail on the breach of contract cause of action, the Court concludes that the lis pendens should be expunged.

## CONCLUSION

      For the foregoing reasons, the Court GRANTS Foundation's Motion to Dismiss and Motion to Expunge Lis Pendens.

      **IT IS SO ORDERED.**


Dated: August 18, 2014

_____

MARIA-ELENA JAMES
United States Magistrate Judge