UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. MATTHEWS BAPTIST CHURCH OF LIVERMORE, INC., <br><br> Plaintiff, <br><br> v. <br><br> FOUNDATION CAPITAL RESOURCES, INC., <br><br> Defendant. | Case No. 13-cv-05765-MEJ <br><br> **ORDER RE: MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL OF RECORD** <br><br> Re: Dkt. No. 55 |

**INTRODUCTION**

On January 15, 2015, Edwin C. Schreiber, counsel for Plaintiff St. Matthews Baptist Church of Livermore, filed a Motion for Schreiber & Schreiber, Inc. to Withdraw as Counsel of Record. Dkt. No. 55. The Court finds this matter suitable for disposition without oral argument and VACATES the February 26, 2015 hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).

Schreiber states that St. Matthews has not paid attorney's fees in over six months, the unpaid fees exceed $40,000, and the unpaid expenses are difficult to manage for a three-member law firm. Schreiber Decl. ¶ 2, Dkt. No. 55. Schreiber also states that St. Matthews has refused to obtain a new attorney. *Id.* Schreiber points out that mail to St. Matthew's last known address has been returned undelivered, but Federal Express packages to the same last known address have been delivered. *Id.*

St. Matthews did not respond, but Defendant Foundation Capital Resources, Inc. filed an Opposition. Dkt. No. 56. Defendant maintains that it will be prejudiced if Schreiber & Schreiber is permitted to withdraw, given that case management deadlines, including discovery and dispositive motions, are fast approaching. Opp'n at 4. Specifically, because St. Matthews is a corporation and cannot appear without counsel,[1] Defendant argues that it has no means of

---

[1] "A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." Civ. L.R. 3-9(b).

1   obtaining discovery responses or serving moving papers on St. Matthews. *Id.* Defendant also
2   argues that any delay in the resolution of this action is unacceptable, because it has already been
3   engaged in litigation with St. Matthews since September of 2011, and what began as a simple
4   unlawful detainer action has become an expensive and time consuming litigation which has now
5   included four lawsuits, including the instant action. *Id.*

6   If the Court is inclined to grant the motion to withdraw, Defendant requests that it be
7   subject to the condition that papers may continue to be served on counsel for forwarding purposes,
8   unless and until St. Matthews appears by other counsel. *Id.* Defendant also requests that St.
9   Matthews be granted a limited amount of time to obtain new counsel, after which the matter
10  should be dismissed without prejudice, allowing St. Matthews to re-file if it obtains counsel and
11  the statute of limitations has not run.

## LEGAL STANDARD

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court. Civ. L.R. 11-5(a). However, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes . . . unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

In this district, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. Civ. L.R. 11-4(a)(1); *see Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). California Rule of Professional Conduct 3-700(C)(1)(f) allows withdrawal when a client "breaches an agreement or obligation to the [attorney] as to expenses or fees." *See also Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992) (failure of a client to pay attorney's fees is grounds for an attorney to withdraw). Moreover, California Rule of Professional Conduct 3-700(C)(1)(d) allows withdrawal where the client "renders it unreasonably difficult for [counsel] to carry out the employment effectively."

2

Before counsel can withdraw, counsel must comply with California Rule of Professional Conduct 3-700(A)(2), which provides that counsel shall not withdraw from employment until the member has taken steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) (regarding papers), and complying with applicable laws and rules. *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

## DISCUSSION

Here, Schreiber & Schreiber seeks to withdraw on the ground that St. Matthews has breached the attorney-client fee agreement executed by the parties. In support of its motion to withdraw, Schreiber & Schreiber submitted the declaration of Edwin C. Schreiber, St. Matthew's counsel of record. Dkt. No. 55 at 3. Schreiber attests that he has communicated by email with St. Matthews within the last 30 days, and that the motion was sent to St. Matthews by United States Mail, Federal Express, and email. Schreiber Decl. ¶ 2.

The Court finds that St. Matthew's failure to pay attorney's fees constitutes good cause for withdrawal. *See, e.g.*, *Waters v. E.P. Architectural Builders, Inc.*, 2011 WL 482769, at *2 (N.D. Cal. Feb. 7, 2011); *U.A. Local 342 Joint Labor-Mgmt. Comm. v. S. City Refrigeration, Inc.*, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010). In addition, the Court finds that Schreiber & Schreiber has complied with the requirements of Civil Local Rule 11-5(a) and the California Rules of Professional Conduct. Schreiber & Schreiber has provided reasonable advance notice to St. Matthews and all the other parties that have appeared in this case of its intention to withdraw as counsel of record. The Court also finds that Schreiber & Schreiber has taken steps to avoid

3

1  reasonably foreseeable prejudice to the rights of St. Matthews by giving due notice of its intent to
2  withdraw and by allowing St. Matthews time to obtain substitute counsel. Accordingly, the Court
3  concludes that withdrawal is appropriate.
4  However, it is not clear that Schreiber & Schreiber informed their corporate client that it
5  must retain new counsel in order to continue to prosecute this action insofar as corporations can
6  only appear through licensed counsel. See Civ. L.R. 3-9(b); *Rowland v. Cal. Men's Colony, Unit
7  II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *D-Beam Ltd. P'ship v. Roller Derby Skates,
8  Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004). Accordingly, the Court shall grant counsel's motion to
9  withdraw, on the condition that Schreiber & Schreiber remain counsel of record in ECF for
10 forwarding purposes until St. Matthews retains alternate counsel as provided by Civil Local Rule
11 11-5(b). The Court shall also vacate all pending deadlines in this case and allow St. Matthews 45
12 days to obtain new counsel. St. Matthews shall file substitution of counsel by no later than March
13 23, 2015.

## CONCLUSION

15 Based on the analysis above, the Court GRANTS Schreiber & Schreiber's Motion to
16 Withdraw as Counsel of Record. However, because St. Matthew's has not consented to the
17 withdrawal and no substitution of counsel has been filed on its behalf, the motion is granted on the
18 condition that all papers from the Court and from Defendant shall continue to be served on St.
19 Matthew's current counsel for forwarding purposes until a substitution of counsel is filed as
20 provided by Civil Local Rule 11-5(b). Because corporations may not appear in federal court
21 except by counsel, St. Matthews has 45 days to find substitute counsel. St. Matthews shall file
22 substitution of counsel no later than March 23, 2015. If it has not filed substitution of counsel by
23 that date, the case shall be dismissed without prejudice. All pending pretrial and trial deadlines are
24 VACATED.

25 **IT IS SO ORDERED.**

26 Dated: February 6, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

4