UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. MATTHEWS BAPTIST CHURCH OF LIVERMORE, INC., <br><br> Plaintiff, <br><br> v. <br><br> FOUNDATION CAPITAL RESOURCES, INC., <br><br> Defendant. | Case No. 13-cv-05765-MEJ <br><br> **ORDER DISMISSING CASE** |

## INTRODUCTION

On February 6, 2015, the Court granted Schreiber & Schreiber Inc.'s Motion to Withdraw as Counsel of Record for Plaintiff St. Matthews Baptist Church of Livermore, Inc. Because corporations may not appear in federal court except by counsel, the Court granted St. Matthews 45 days to find substitute counsel, but warned that the case would be dismissed if St. Matthews failed to file a substitution of counsel by March 23, 2015. For the reasons set forth below, the Court now DISMISSES this case WITHOUT PREJUDICE.

## BACKGROUND

The factual background of this case is set forth in the Court's August 18, 2014 Order re: Motion to Dismiss and Motion to Expunge Lis Pendens. Dkt. No. 43. On January 15, 2015, Edwin C. Schreiber, counsel for St. Matthews, filed a Motion for Schreiber & Schreiberto Withdraw as Counsel of Record. Dkt. No. 55. Schreiber stated that St. Matthews had not paid attorney's fees in over six months, and the unpaid expenses exceeded $40,000, making it difficult for their three-member law firm to manage. Schreiber Decl. ¶ 2, Dkt. No. 55. Schreiber also stated that St. Matthews refused to obtain a new attorney. *Id.* Schreiber pointed out that mail to St. Matthew's last known address had been returned undelivered, but Federal Express packages to

the same last known address were delivered. *Id.* St. Matthews did not respond to the motion or otherwise make an appearance.

On February 6, 2015, the Court granted Schreiber & Schreiber's motion, finding that St. Matthew's failure to pay attorney's fees constituted good cause for withdrawal. Order re: Mot. by Pl.'s Counsel to Withdraw as Counsel Of Record, Dkt. No. 57. The Court also found that Schreiber & Schreiber (1) complied with the requirements of Civil Local Rule 11-5(a) and the California Rules of Professional Conduct in that it provided reasonable advance notice to St. Matthews and all the other parties that have appeared in this case of its intention to withdraw as counsel of record, and (2) took the necessary steps to avoid reasonably foreseeable prejudice to the rights of St. Matthews by giving due notice of its intent to withdraw and by allowing St. Matthews time to obtain substitute counsel. *Id.* As St. Matthews is a corporate client, the Court granted the motion on the condition that Schreiber & Schreiber remain counsel of record for forwarding purposes until St. Matthews retains alternate counsel as provided by Civil Local Rule 11-5(b). *Id.* The Court ordered St. Matthews to file substitution of counsel by no later than March 23, 2015, or the case would be dismissed without prejudice. *Id.* No substitution of counsel has been filed, and St. Matthews has not otherwise made an appearance since Schreiber & Schreiber's withdrawal.

## LEGAL STANDARD

As noted by the Supreme Court, "[i]t has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (citation and internal quotations omitted). This well-established rule applies equally to corporations or to associations. *See In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) ( "A corporation can appear in a court proceeding only through an attorney at law."); *United States v. High Country Broad Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel."). This same venerable common law rule exists in the State of California. "[A] corporation, unlike a natural person, cannot represent itself before courts of record in propria persona, nor can it represent itself through a corporate officer, director or other employee who is not an attorney. It must be represented by licensed counsel in proceedings

1  before courts of record." *CLD Constr. Inc. v. City of San Ramon*, 120 Cal. App. 4th 1141, 1145
2  (2004).

### DISCUSSION

4  Despite the Court's warning that this case would be dismissed, St. Matthews has not filed a
5  substitution of counsel and has not otherwise appeared in this case since the Court's February 6
6  Order. Civil Local Rule 3-9(b) provides that "[a] corporation, unincorporated association,
7  partnership or other such entity may appear only through a member of the bar of this court."
8  Accordingly, dismissal is appropriate where a corporate plaintiff is not represented by counsel.
9  *McGowan v. Boek*, 402 Fed. App'x. 287, 288 (9th Cir. 2010) (collecting cases and affirming
10 dismissal of case because corporate plaintiff was not represented by counsel).

11 At the same time, the Court also has the inherent power to dismiss a case sua sponte for
12 lack of prosecution. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing *Ash v.
13 Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630
14 (1962))). A dismissal pursuant to Federal Rule of Civil Procedure 41(b) is committed to the sound
15 discretion of the district court. *Link*, 370 U.S. at 633; *see also* Fed. R. Civ. P. 41 advisory
16 committee's note (no substantive changes in 1963 amendment or subsequent amendments to Rule
17 41(b) for dismissal for failure to prosecute). Before dismissing a case for failure to prosecute, a
18 court should weigh the following factors: "(1) the public's interest in expeditious resolution of
19 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)
20 the public policy favoring disposition of cases on their merits[;] and (5) the availability of less
21 drastic sanctions." *Henderson*, 779 F.2d at 1423 (citations omitted).

22 Here, the Court finds that the *Henderson* factors support dismissal. First, "the public's
23 interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*,
24 191 F.3d 983, 990 (9th Cir. 1999). St. Matthews has delayed adjudication of the claims in this
25 case by failing to file a substitution of counsel or otherwise responding to the Court's February 6
26 Order. Further, the discovery deadline in this case was March 17, with a deadline of April 16 to
27 file dispositive motions. Dkt. No. 53. Although the Court vacated these deadlines to permit St.
28 Matthews time to obtain substitute counsel, St. Matthews failed to respond, thereby preventing the

United States District Court
Northern District of California

3

expeditious resolution of this case.

Second, the Court's need to manage its docket also weighs in favor of dismissal. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As for the third *Henderson* factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* ("*In re PPA*"), 460 F.3d 1217, 1228 (9th Cir. 2006). Moreover, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.*; *see also Yourish*, 191 F.3d at 991. Here, St. Matthews failed to respond to the Court's previous Order, offered no explanation for the failure to file a substitution of counsel, and did not request a further extension of time to locate counsel. Therefore, the Court concludes that the third *Henderson* factor also supports dismissal.

The fourth *Henderson* factor, that public policy favors disposition of cases on their merits, normally weighs strongly against dismissal. *See, e.g.*, *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Thus, if the fourth *Henderson* factor weighs against dismissal here, it does so very weakly.

Finally, as to the availability of less drastic sanctions, St. Matthews cannot appear without counsel. While the Court has already provided St. Matthews additional time to retain substitute counsel, St. Matthews failed to do so and is therefore unable to prosecute this case. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust

4

them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Further, the February 6 Order warned St. Matthews of the risk of dismissal; thus it cannot maintain that the Court has failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992). Accordingly, the Court finds that the fifth factor also weighs in favor of dismissal.

## CONCLUSION

Based on the analysis above, the Court finds that dismissal is appropriate because (1) St. Matthews is not represented by counsel, and (2) at least four of the five *Henderson* factors weigh in favor of dismissal. However, a less drastic alternative is to dismiss without prejudice. *See Ferdik*, 963 F.2d at 1262. Dismissal will minimize prejudice to Defendant Foundation, but dismissing the case without prejudice will preserve the ability of St. Matthews to seek relief. Thus, "[i]n an abundance—perhaps overabundance—of caution," the Court finds that dismissal without prejudice is appropriate. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (remanding to the district court in order to consider whether dismissal should have been without prejudice).

Accordingly, this case is DISMISSED WITHOUT PREJUDICE. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: March 25, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge